## BARTH ET AL. V. JONES ET AL.

Where there is direct conflict in the evidence, it is the province of the jury to determine to whom credit should be given, and the verdict, not being clearly opposed to the weight of evidence, will not be disturbed.

*Appeal from District Court of Arapahoe County.*

THE facts are stated in the opinion.

Messrs. HARMAN and ELLIS, for appellants.

Messrs. BROWNE and PUTNAM, for appellees.

BECK, C. J.    The appellants, Barth & Bro., on the 8th day of October, A. D. 1880, leased to the appellees, Thomas and Robert Jones, for the term of three years, a certain lot and premises in the city of Denver, to be used in establishing and carrying on the grocery business.

By the terms of the lease certain improvements were to be made by the lessors, and possession was to be delivered to the lessees on the 1st day of November following. Lessees were to pay $200 per month as rent for the premises, monthly in advance, and at the time of making the contract paid thereon the sum of $240 in full for the month of November.

The premises were not ready for occupation at the stipulated time, and the lessees, after demanding possession, and the lessors being unable to give it, hired other premises. This action was brought to recover back the money advanced upon the contract.

The defense is, that Barth & Bro. are under no legal obligation to refund the money advanced, since they expended a large sum of money in making the stipulated improvements, and that they were prevented from completing them by the time agreed upon, by the acts of Jones & Co., the lessees.

Also, that the lease was canceled by mutual consent

of the parties without any agreement to refund the money advanced.

Upon trial of the issues in the court below, Jones & Co. obtained a verdict and judgment for the sum of $266, for the money advanced upon the lease and interest thereon.

At the conclusion of the plaintiffs' testimony on the trial, defendants moved the court for a non-suit, on the ground that the testimony showed a cancellation of the lease by agreement, no part of which required the refunding of any money. This motion was overruled, and the ruling being duly excepted to, now constitutes the first assignment of error.

Upon examination and consideration of the testimony adduced in behalf of the plaintiffs, we think the ruling of the court was correct. This testimony shows that the lease was abandoned by both parties, but it does not show that any agreement was reached concerning the money previously paid by Jones & Co.

The testimony of Robert N. Jones is to the effect that negotiations were abruptly broken off, without arriving at any agreement about this money. He says (speaking of the attempted negotiation with William Barth): "After he saw his brother  *  *  *  he said they had agreed to cancel the lease. After he agreed to cancel the lease, then said I, 'Mr. Barth, I want my money.' 'No,' said he, 'we can give you no money back,' and I left him there and then and took a house on Blake street."

This was the substance of all that passed at that interview. The lease was not produced. No release of the. contract in writing was executed then, or at any other time.

The previous testimony of the witness shows a request on his part to be released from the contract, because Barth & Bro. could not deliver possession of the prem-

ises, and that William Barth said he would see his brother and then give him an answer.

Having seen his brother, he gave for answer that they had agreed to cancel the lease.

Up to this point nothing appears to have been said by either party about the $240 previously paid on the lease. The fact that Barth promptly refused to pay it back, when it was then and there demanded by Jones, indicates strongly that a repayment of this money was not contemplated by the defendants in the announcement that they had agreed to cancel the lease.

The foregoing circumstances, coupled with the subsequent conduct of the parties, as detailed by the witnesses of the plaintiffs, show a default on the part of Barth & Bro. to comply with the terms of the lease on their part. They show a compliance and a demand of possession by the plaintiffs, and a subsequent abandonment, but not cancellation of the lease by the mutual consent of both parties. They likewise show that no agreement was reached concerning the money advanced by the plaintiffs.

There was no discharge from all the terms and conditions of the contract, as in the case of *Winton v. Spring*, 18 Cal. 452, cited by defendants' counsel. On the contrary, the legal effect of the plaintiffs' testimony is that the negotiations for cancellation were abruptly terminated by the demand and refusal to pay the $240.

Upon this testimony there was a good cause of action against the defendants, for which reason the motion for non-suit was properly denied.

Respecting the other errors assigned, we discover no sufficient ground for reversing the judgment.

If the case was to be considered on the testimony of the defendants and their witnesses only, there would be no cause of action; but their testimony being in direct conflict with that of the plaintiffs, it was the province of the jury to determine to whom credit should be given.

The jury determined the conflict in favor of the plaintiffs below, and returned a verdict in their favor. We cannot say that this verdict is clearly opposed to the weight of the evidence. It was found under proper instructions as to the law governing the case, and this court would not be warranted, under the circumstances, in disturbing it. The judgment is affirmed.

*Affirmed.*